**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4962

WILLIAM STEVE REA,
Defendant-Appellant.

Appeal from the United States District Court for the
Western District of Virginia, at Lynchburg.
Samuel G. Wilson, Chief District Judge.
(CR-96-21-L)

Submitted: December 9, 1997

Decided: December 24, 1997

Before WIDENER, HALL, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Philip B. Baker, JOSEPH A. SANZONE ASSOCIATES, P.C.,
Lynchburg, Virginia, for Appellant. Robert P. Crouch, Jr., United
States Attorney, Thomas L. Eckert, Assistant United States Attorney,
Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Steve Rea appeals his convictions on two counts of possession of stolen mail, 18 U.S.C.A. § 1708 (West Supp. 1997). On appeal, Rea contests two of the district court's evidentiary rulings. We affirm.

I

Rea was a postal carrier who stole a number of credit cards and automated teller machine (ATM) cards that the issuers of those cards recently had placed in the mail. Rea and his girlfriend, Leola Helton Murphree, used the cards to buy merchandise or to obtain cash, then discarded the cards. Among the cards stolen were those issued to L. Thomas Barber and Donna Crouch. Rea used the Barber card to purchase goods and the Crouch ATM card to obtain $100 in cash.

II

The Crouch incident came to light when she complained to her bank that her bank statement reflected an ATM withdrawal that she had not made. In fact, Crouch never had received the ATM card, which had been mailed to the bank branch that she patronized. A videotape of the transaction was located, and still photographs were made from the videotape. The videotape subsequently was lost. At trial, the photographs were introduced into evidence over Rea's objections. A postal employee identified Rea as the person making the withdrawal.

Rea contends that the district court erred when it admitted the photographs. He asserts that his defense was prejudiced because the jury should have seen the entire tape, instead of only twelve photographs selected by the prosecution. We review the district court's evidentiary

2

rulings for an abuse of discretion. See United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994). A still photographic image made from a videotape is a duplicate within the meaning of Fed. R. Evid. 1001(4). See United States v. Perry, 925 F.2d 1077, 1082 (8th Cir. 1991). As such, still photographs are admissible unless there is a genuine question as to the authenticity of the original or it would be unfair under the circumstances to admit the photographs instead of the original. Fed. R. Evid. 1003. Authenticity of the original videotape is not at issue in this case. And we discern no unfairness in admitting the photographs. Had the entire videotape been introduced, the prosecution would have focused on those portions tending to prove that Rea was the person using the Crouch card. This is precisely what the prosecution accomplished by using the still photographs.

Additionally, even if still photographs are not duplicates of the videotape, they constitute "other evidence" of its contents. Because there is no suggestion that the videotape was lost or destroyed in bad faith, the still photographs were admissible. See Fed. R. Evid. 1004(1).

III

Rea also contends that the district court incorrectly ruled that the defense could not introduce into evidence a letter written by Milo Helton, Murphree's former husband, to Rea's mother. In the letter, Helton allegedly threatened to expose Rea's wrongdoing unless Rea paid Helton for his silence. Murphree was a key prosecution witness, and defense counsel hoped to introduce the letter in an attempt to show her complicity in Helton's scheme.

The district court refused to permit the introduction of the letter, but allowed defense counsel to inquire of Murphree whether she knew about the letter and to ask her questions relating to any prejudice or bias. The district court's ruling was not an abuse of discretion. There was no evidence tying Murphree to the letter or to Helton's demand for money. The letter was irrelevant and inadmissible, as the district court found.

IV

We accordingly affirm the convictions. We dispense with oral argument because the facts and legal contentions are adequately set

3

forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4